Enid COSGRIFF, Plaintiff and Respondent,

v.

Michael Edward MURPHY, Defendant and Appellant.

No. 13748.

Supreme Court of Utah.

May 14, 1975.

---

1. Ownbey v. Parkway Properties, 222 N.C. 54, 21 S.E.2d 900; Thompson on Real Property, Sec. 31, p. 131, 1964 Rept.

————◆————

Macoy A. McMurray, McKay, Burton, McMurray & Thurman, Salt Lake City, for defendant and appellant.

John H. Snow, Worsley, Snow & Christensen, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

In 1964 the parties hereto were married. The defendant was 46 years of age at the time, a medical doctor, and a bachelor. The plaintiff was 52 years old and a rich widow. They were divorced in 1974, and each party was permitted to keep his own assets.

The plaintiff had inherited from her first husband a considerable amount of wealth and told the defendant prior to their marriage that she wanted to leave it to her children. The doctor agreed that she should do that. However, when he filed his counterclaim in the present suit, he prayed that plaintiff pay the balance due on a farm he had purchased in Minnesota in the sum of over $19,000 and also the balance due on the construction of a home for his farm manager in the amount of $18,600.71. In addition, he asked the court to award him the reasonable sum of $300,000 and the plaintiff be required to relinquish all dower rights in and to a 760-acre farm which he owned in Minnesota. At trial the defendant disclaimed any right to the $300,000 he had prayed for but instead urged the court to award him one half of a loss of assets which he claimed he sustained during the marriage.

The defendant as a medical doctor has an earning capacity of approximately $40,000 per year net. He is well able to support himself and does not need to rely on the plaintiff for any assistance.

The claim of a loss is rather unique. Prior to his marriage the defendant had inherited a farm in Minnesota, and it was being operated at a loss, which he thought was due to remote control and long-distance operation. He thought he could make it a paying venture if he returned to Minnesota. He sold his Utah properties, including his medical practice, for cash and kept the money for himself and moved to Minnesota. He contracted to buy additional land. The plaintiff bought a wooded tract of some 40 acres which she gave to him. He thus was operating a farm of some 760 acres of land.

Except for the year 1966, when a joint return was filed, the defendant filed a separate Federal income tax return and took the loss from the farm as a reduction of his income received from his medical practice. At no time was the plaintiff a partner or joint venturer in the farming operations.

A disastrous flood caused loss in the year 1972, and the defendant was eligible for a disaster loan. However, the President of the United States froze the money for all such loans, and the defendant sold his farm and livestock at a greatly reduced figure. After paying the contracts and debts due on the farm, he had a net balance of $77,000. This sum he deducted from what he claimed his net worth was before marriage and arrived at a decrease in net assets of $133,990. He requested the trial court to award him judgment against the plaintiff for one half of that sum, and when the court refused to do so, he appealed.

The parties had been separated some time before the defendant decided to sell the farm. The plaintiff had nothing to do with the sale at all. The defendant admitted that the sale of the farm was for less than its value.

The plaintiff gave to the defendant during their marriage substantial gifts, including a Jeep automobile, a note for $22,500 which he had made to her for a loan, 40 acres of land in Minnesota, and $68,000 cash, for which he had signed receipts so that the plaintiff could pay a gift tax. She had also bought for him a membership in the Country Club, one of the assets he listed in his premartial net worth statement.

The defendant claims that plaintiff spent the $68,000 for things she wanted and gave them to him. He also claims that she was the motivating force in causing him to buy more land in Minnesota and that it was these purchases which caused his decrease in net worth.

The plaintiff denied that she in any manner influenced the defendant regarding his farm activity, and the trial court could believe either party, as was his prerogative. Besides, it seems that the only loss, if any, sustained by the defendant was occasioned by the improvident sale of the farm.

The defendant also sought a divorce and assigns as error the failure of the trial

court to award it to him. There is no merit to this assignment.

The evidence sustains the finding made by the trial court, and the judgment is, therefore, affirmed. No costs are awarded.

HENRIOD, C. J., and TUCKETT and MAUGHAN, JJ., concur.

CROCKETT, J., does not participate herein.